# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

KENDAL MOSES,                           )
                                        )
      Plaintiff,              )
                                        )
v.                                      )   Case No.  CV412-024
                                        )
H. KRAMER RN and BUREAU OF              )
PRISONS,                                )
                                        )
      Defendants.             )

## ORDER

Kendal Moses has submitted for filing what he styles as a 28 U.S.C. § 2241 habeas corpus petition.  (Doc. 1.)  He alleges that he was denied proper medical care while a federal prisoner at the United States Penitentiary at Hazelton, West Virginia and asks that he be awarded damages and an injunction directing that he be provided "adequate health care indefinite[e]ly."  (*Id.* at 4.)

This Court has jurisdiction to issue writs of habeas corpus to prisoners who are "in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A petitioner may use § 2241 to challenge the manner of execution of his sentence when his challenge implicates the fact or duration of that sentence.  *See McKinnis*

*v. Mosely*, 693 F.2d 1054, 1056-57 (11th Cir. 1982) (citing *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979), for proposition that "any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed" as civil rights actions).  However, the proper vehicle for a prisoner to challenge his conditions of confinement is a civil rights action, rather than a habeas corpus action.  *Id.*; *see also Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999) (noting that term "'conditions of confinement' . . . quite simply encompasses all conditions under which a prisoner is confined for his term of imprisonment," including "terms of disciplinary or administrative segregation such as keeplock or solitary confinement, as well as more general conditions affecting a prisoner's quality of life," and stating that "any deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement").  Since Moses is challenging the conditions of his confinement, the Court recharacterizes this proceeding as one arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which authorized

2

constitutional tort suits against federal officials. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (substance must govern over nomenclature, so a proceeding's label that a litigant chooses is irrelevant).

The events outlined in Moses' complaint occurred in Hazelton, West Virginia and the only individually named defendant resides there. Hazelton lies within Preston County, which is in the jurisdiction of the United States District Court for the Northern District of West Virginia. 28 U.S.C. § 129.  Hence, his case must be transferred there.  28 U.S.C. § 1391(b) (venue); 28 U.S.C. § 1406 (permitting district courts to dismiss or transfer cases suffering from venue defects).  Accordingly, the Clerk is **DIRECTED** to transfer this case to the United States District Court for the Northern District of West Virginia for all further proceedings.

   **SO ORDERED** this   2nd   day of February, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3